

NXC / ALL
**Transmittal Number: 19532530**
**Date Processed: 03/21/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Robin Barber<br>Trilogy Health Services, LLC<br>303 N Hurstbourne Pkwy<br>Ste 200<br>Louisville, KY 40222-5158 |
| **Electronic copy provided to:** | Tara Clayton<br>Rachel Hammons<br>Angela Gruebbel<br>Theresa Vaughn |

| | |
|---|---|
| **Entity:** | Trilogy Healthcare Of Lapeer, LLC<br>Entity ID Number  3694077 |
| **Entity Served:** | Trilogy Healthcare of Lapeer, LLC, d/b/a Stonegate Health Campus |
| **Title of Action:** | Brenda Kleinknecht vs. Trilogy Healthcare of Lapeer, LLC, d/b/a Stonegate Health Campus |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Lapeer County Circuit Court, MI |
| **Case/Reference No:** | 19-052618-CZ |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 03/20/2019 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Alec S. Gibbs<br>810-239-9470 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# Exhibit A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| **STATE OF MICHIGAN** | | | **CASE NO.** |
|---|---|---|---|
| Lapeer | **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | 19 - 052618 - |

**Court address**

255 Clay Street, Lapeer, MI 48446

Court telephone no.
810-667-0358

| Plaintiff's name(s), address(es), and telephone no(s).<br>BRENDA KLEINKNECHT | v | Defendant's name(s), address(es), and telephone no(s).<br>TRILOGY HEALTHCARE OF<br>LAPEER, LLC, d/b/a STONEGATE<br>HEALTH CAMPUS<br><br>REGISTERED AGENT:<br>CSC-LAWYERS INCORPORATING SERVICE<br>601 ABBOT ROAD<br>EAST LANSING, MI    48823 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>LAW OFFICE OF GREGORY T. GIBBS<br>By: Gregory T. Gibbs (P26440)<br>By: Alec Scott Gibbs (P73593)<br>717 S. Grand Traverse, Flint, MI 48502<br>810-239-9470 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in  ☐ this court,  ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action  ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.          **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2-21-19 | Expiration date*<br>5-23-19 | Court clerk | _(signature)_ |
|---|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01  (1/19)  SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

| | SUMMONS | |
|---|---|---|
| **PROOF OF SERVICE** | Case No. 19 | CD |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the summons and complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee | **TOTAL FEE** $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.
Signature

# LAW OFFICE OF GREGORY T. GIBBS
### ATTORNEYS AT LAW
**717 S. Grand Traverse St.**
**FLINT, MICHIGAN 48502-1118**
**www.gibbslawoffice.com**
**email: greggibbs51@sbcglobal.net**

**GREGORY T. GIBBS**
**ALEC SCOTT GIBBS**

**TELEPHONE (810) 239-9470**
**FACSIMILE (810) 235-2468**

March 18, 2019

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
Trilogy Healthcare of Lapeer, LLC
c/o CSC-Lawyers Incorporating Service
601 Abbott Road
East Lansing, Michigan 48823

Re:   B. Kleinknecht vs Trilogy Healthcare of Lapeer, LLC
        Lapeer County Case no.: 19-052618 CZ

Dear Sir/Madam:

Enclosed please find a copy of the Summons and Complaint for the above-referenced matter which was recently filed with the Lapeer County Circuit Court.

Also enclosed you will find Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents to Defendants.

Please turn this matter over to your attorney or insurance company as an answer must be filed within twenty-eight (28) days pursuant to MCR 2.108 (A). The Interrogatories and Request for Production of Documents must be answered within forty-two days.

Sincerely,

Kellie Dixon,
Legal Assistant

/ked
Enclosures

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>Lapeer | **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | 19 - 0526 18 -<br>19      CD<br>C Z | CASE NO. |

| **Court address** | **Court telephone no.** |
|---|---|
| 255 Clay Street, Lapeer, MI 48446 | 810-667-0358 |

| Plaintiff's name(s), address(es), and telephone no(s).<br>BRENDA KLEINKNECHT | v | Defendant's name(s), address(es), and telephone no(s).<br>TRILOGY HEALTHCARE OF<br>LAPEER, LLC, d/b/a STONEGATE<br>HEALTH CAMPUS<br><br>REGISTERED AGENT:<br>CSC-LAWYERS INCORPORATING SERVICE<br>601 ABBOT ROAD<br>EAST LANSING, MI      48823 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>LAW OFFICE OF GREGORY T. GIBBS<br>By: Gregory T. Gibbs (P26440)<br>By: Alec Scott Gibbs (P73593)<br>717 S. Grand Traverse, Flint, MI 48502<br>810-239-9470 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in  ☐ this court,  ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action  ☐ remains  ☐ is no longer  pending.

Summons section completed by court clerk.       **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2-21-19 | Expiration date*<br>5-23-19 | Court clerk<br>Denau |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (1/19)  **SUMMONS**                                    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

| PROOF OF SERVICE | SUMMONS |
| | Case No. 19          CD |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
        List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                    Date

My commission expires: _____ Signature: _____
                                    Date                              Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                    Attachments

_____ on _____
                                                        Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN
IN THE LAPEER COUNTY CIRCUIT COURT

BRENDA KLEINKNECHT

                  Plaintiff,

vs.

CASE NO.: 19- *19 - 052618* $\overline{\text{BB}}$ *CZ*

JUDGE:    *NICK O. HOLOWKA*

TRILOGY HEALTHCARE OF
LAPEER, LLC, d/b/a STONEGATE
HEALTH CAMPUS

                  Defendant.

---

LAW OFFICE OF GREGORY T. GIBBS
By: Gregory T. Gibbs (P26440)
By: Alec Scott Gibbs (P73593)
Attorneys for Plaintiff
717 S. Grand Traverse
Flint, Michigan 48502
(810) 239-9470
greggibbs51@sbcglobal.net
gibbsale@gmail.com

---

## COMPLAINT
## AND
## DEMAND FOR JURY TRIAL

NOW COMES  Plaintiff, by and through her attorneys, LAW OFFICES OF GREGORY T. GIBBS and for her COMPLAINT against defendant Trilogy Healthcare of Lapeer, d/b/a Stonegate Health Campus, states  as follows:

## PARTIES AND JURISDICTION

1.    This is an action for violations of the Michigan Persons with Disabilities Act.

1

2.  At all times relevant to this complaint, Plaintiff Brenda Kleinknecht was a resident of the County of Lapeer, State of Michigan.

3.  Defendant Trilogy Healthcare of Lapeer, is a Foreign Limited Liability company which does business under the assumed name of Stonegate Health Campus. Defendant does business in the in the State of Michigan, with its principal place of business in the County of Lapeer.

4.  Plaintiff suffers from diabetes and at the time of her employment with Defendant and continuing, she is a person with disabilities or perceived disabilities as defined by MCL 37.1103(d).

## FACTUAL ALLEGATIONS

5.  Plaintiff incorporates by reference paragraphs 1-4 above.

6.  Plaintiff began working for Defendant in February of 2017 and was employed continuously by Defendant until she was discharged in April of 2018.

7.  Throughout her employment with Defendant, Plaintiff served as a Certified Nurse's Assistant, in an an hourly, non-management position in Defendant's Lapeer County campus.

8.  At the time Plaintiff was hired, she was placed on a 4 day work week.

9.  Plaintiff suffers from diabetes and suffered from diabetes during the time that she was employed by Defendant.

-2-

10.   Plaintiff advised Defendant that she suffered from diabetes and advised Defendant that given her diabetes, she would require certain accommodations specifically in work scheduling so as to to enable her to monitor and maintain her health.

11.   In April of 2017, Plaintiff was assigned to a hall in the facility where she worked which, due to staffing, did not allow her to take the breaks necessary to monitor her health needs. Plaintiff requested reassignment to a different area where she could take the breaks necessary to monitor her condition.

12.   Plaintiff maintained perfect attendance during the months of May, October and November of 2017 for which she received a bonus.

13.   On or about December 7, 2017 Plaintiff and other employees were advised that every employee would be placed on a 5 day work week and that if they were unable to accept the 5 day work week, the only other option was assignment to a 3 day work week. Defendant further informed employees that in order to be assigned to a work schedule of less than a 5 day work week, the employee was required to submit a request to be removed from the 5 day or full time work schedule and that said request had to be submitted 30 days before the employee was to be removed from full time.

14.   On or about December 8, 2017, Defendant issued a new work schedule placing

-3-

all employees on a 5 day work week.  Plaintiff did not have sufficient time to submit a 30 day written request to be assigned to the 3 day work week.

15.   On or about December 18, 2018, Plaintiff contacted Defendant's Corporate Compliance to request assistance with obtaining an accommodation to a work schedule of fewer than 5 days per week.

16.   In late December of 2018, Plaintiff obtained written confirmation from her doctor of her disability and of the need for an accommodation.

17.   Upon receipt of the letter from her doctor confirming her condition and the need for an accommodation, Plaintiff attempted on several occasions to provide the  information to her supervisors who were reluctant to take the letter.  She was finally able to deliver the letter confirming her disability to the scheduler on December 27, 2017.

18.   Plaintiff received no response from Defendant to her request for an accommodation so on January 2, 2018, she contacted the scheduler and was advised that the only accommodation they were willing to make would be to allow her to over month's work schedule to work a 5 day work week, followed by a 4 day work week, followed by a 5 day work week and on the fourth week, she would have to be on call to come in as needed.

19.   In response to Defendant's "accommodation" offer, Plaintiff explained that she

-4-

was unable to work the hours offered due to her diabetes as she was experiencing loss of consciousness which resulted in her having to call in and miss scheduled work days, but they declined to accept the letter. Plaintiff again requested a 4 day work week.

20. On January 10, 2018 Plaintiff provided her employer with another doctor's note. She was informed by a supervisor that no one else with diabetes required this accommodation. The supervisor also filled out a form and had Plaintiff sign it, but Plaintiff was not provided with a copy of the signed form.

21. Plaintiff filed a complaint against her employer alleging violations of state and federal law in their failure to accommodate her disability.

22. In February of 2018, Defendant continued to refuse to adhere to Plaintiff's accommodation.

23. Throughout the course of seeking an accommodation, Plaintiff was subject to harassment because of her disability accommodation.

24. Defendant repeatedly refused to honor Plaintiff's accommodation.

25. Defendant began issuing warnings to Plaintiff for alleged violations of company policy. These warnings were pretextual and designed to support Defendant's decision to terminate Plaintiff for requesting an accommodation and filing a complaint with federal and state agencies alleging discrimination

-5-

on the basis of disability.

26. On April 2, 2018, Plaintiff was terminated because of her disability and her complaints regarding her discriminatory treatment.

## COUNT I

### Violations of the Michigan Persons with Disabilities Act

27. Plaintiff incorporates the preceding paragraphs, 1-27, as though fully set forth herein.

28. Plaintiff is a person with disabilities or perceived disabilities as defined by MCL 37.1103(d).

29. Plaintiff was subject to harassment and retaliation on the basis of her disability or disabilities or on the basis of her perceived disability or disabilities when she was disciplined, and ultimately discharged.

30. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost wages, benefits, loss of employment opportunities and emotional damages.

**WHEREFORE** Plaintiff requests all damages allowable under the law including the following:

Compensatory damages in whatever amount they are found to be entitled.

Liquidated damages in whatever amount Plaintiff is found to be entitled.

An award of interests, costs, and reasonable attorney fees and expert witness

fees.

Whatever other legal and equitable relief appears appropriate at the time of
final judgment.

Dated: February 19, 2019                    Respectfully Submitted,

                                            Law Offices of Gregory T. Gibbs

                                            Alec S. Gibbs
                                            BY: GREGORY T. GIBBS (P-26440)
                                            BY: ALEC SCOTT GIBBS (P-73593)
                                            Attorneys for Plaintiff
                                            717 S. Grand Traverse St.
                                            Flint, Michigan 48502
                                            greggibbs51@sbcglobal.net
                                            (810) 239-9470

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on the claims set forth in their complaint.

Dated: February 19, 2019                    Respectfully Submitted,

                                            Law Offices of Gregory T. Gibbs

                                            Alec S. Gibbs
                                            BY: GREGORY T. GIBBS (P-26440)
                                            BY: ALEC SCOTT GIBBS (P-73593)
                                            Attorneys for Plaintiff
                                            717 S. Grand Traverse St.
                                            Flint, Michigan 48502
                                            greggibbs51@sbcglobal.net
                                            (810) 239-9470

STATE OF MICHIGAN
IN THE LAPEER COUNTY CIRCUIT COURT

BRENDA KLEINKNECHT

            Plaintiff,           CASE NO.: 19-052618-CZ

vs.                             JUDGE: NICK HOLOWKA

TRILOGY HEALTHCARE OF
LAPEER, LLC, d/b/a STONEGATE
HEALTH CAMPUS

            Defendant.

_____

LAW OFFICE OF GREGORY T. GIBBS
By: Gregory T. Gibbs (P26440)
By: Alec Scott Gibbs (P73593)
Attorneys for Plaintiff
717 S. Grand Traverse
Flint, Michigan 48502
(810) 239-9470
greggibbs51@sbcglobal.net
gibbsale@gmail.com

_____

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

**To:   Defendant Triology Health Care of Lapeer, LLC d/b/a Stonegate Health Campus**

     NOW COMES Plaintiff, by and through her attorneys, the Law Office of Gregory

T. Gibbs, and requests the following interrogatories be answered under oath separately by

the Defendant , and that pursuant to MCR 2.309(B)(4) answers be served on Plaintiff

within forty two (42) days from the date these interrogatories are served on Defendant.

1

The information sought must be given, whether secured by Defendant's agent, representative, attorney or any other person who has made this knowledge known to Defendant, or from whom Defendant can get this information, and is competent to testify as to the facts stated.

The term "document", when used herein, means the original or copies of any written, recorded, graphic matter, photographic matter or sound reproduction, however produced or reproduced, including, but not limited to, any book, pamphlet, periodical, letter, correspondence, telegram, contract, estimate, report, memorandum, inter-office communication, working paper, record, study, paper, worksheet, cost sheet, estimating sheet, bids, bills, time cards, work records, chart, graph, index, data sheet, data processing card, tape, disc, site on the internet cloud, emails, electronic information as that term is described in MCR 2.302(A)(5). recordings, transcriptions thereof, and all other memorials of any conversations, meetings, and conferences, by telephone or otherwise, and any other writing or recording, however produced or reproduced, which is in the Defendant's possession, custody or control or in the possession, custody or control of any agent, officer or employee of Defendant or of Defendant's attorney.

The term "identify" when used with reference to a document shall mean a statement of the date thereof, the author and, if different, the signor or signors, the addresses, its present or last known location or custodian and all other means of identifying it with sufficient particularity to satisfy the requirements for its identification

2

in a motion for its production, pursuant to the Michigan Court Rules. If any such document was, but is no longer, in Defendant's possession or subject to Defendant's control, state the disposition which was made of it, the reason for such disposition and date thereof. In the alternative, production of documents responsive to the Interrogatories shall constitute sufficient identification of such documents.

The term "the combined Southeastern Michigan refers to the geographical area including the following Michigan counties: Genesee County, Lapeer County, Livingston County, Macomb County, Monroe County, Oakland County, Saint Clair County, Washtenaw County, Wayne County, Midland County, Bay County, Saginaw County, Huron County, Tuscola County, and Sanilac County.

These interrogatories are deemed to be continuing and the said answers are to be supplemented in a reasonable time prior to trial with respect to those Interrogatories to which additional information is obtained by Defendants or Defendant's counsel.

## **INTERROGATORIES**

INTERROGATORY:

1.  Please identify the person answering these interrogatories and the relationship of the person to Defendant. Please also identify each and every person consulted by Defendant in preparing the answers to these Interrogatories and indicate which answers each person contributed or was asked to contribute.

ANSWER:

3

INTERROGATORY:

2.     Please identify each document referred to in Defendant's answers to these

        Interrogatories or which was consulted by Defendant or any other person named in

        Defendant's answer to Interrogatory 1, in preparing the answers to these

        Interrogatories.

ANSWER:

2.

INTERROGATORY:

3.     Please identify the person having the most knowledge of, or greatest access to, the

        information sought and given in response to each of these Interrogatories.

ANSWER:

3.

INTERROGATORY:

4

4.      Please state whether Defendant has liability insurance (as that term is described in MCR 2.302 (B)(2)) or other payment agreement covering any type of claim that could be asserted in any type of lawsuit. If so, please provide the following information with regard to any such liability insurance or other payment agreement:

      a.      The name of the issuing insurance company or payment group;

      b.      The date the insurance policy or payment agreement was issued;

      c.      The name, address, telephone number and job title of the person who issued the policy or payment agreement;

      d.      The scope of the insurance policy or payment agreement coverage;

      e.      The amount of coverage and the claims to which coverage applies; and,

      f.      The amount of annual premium.

ANSWER:

4.

INTERROGATORY:

5.      Is the Corporate Defendant named in the heading to these Interrogatories) (Trilogy Health Care of Lapeer, LLC d/b/a Stonegate Health Campus) the correct name of the entity by which Plaintiff was employed? If not, please provide the correct name, address, and telephone number.

ANSWER:

5.


INTERROGATORY:

6.    Please state the name, title, address and telephone number of each and every

       person that Defendant has any reason to believe may have knowledge of the facts

       of this case or of discoverable material concerning this case (as those persons term

       are described in MCR 2.302(B)(1)) .  With respect to each such person, please

       describe any knowledge that Defendant has reason to believe the person may have.

       Also, please explain why Defendant believes that each such person may have such

       knowledge concerning this case.  Furthermore, if Defendant has conducted any

       interviews or conversations concerning this case, please state:

       a.    the person(s) interviewed or spoken to;

       b.    the person(s) conducting the interview(s) or discussion(s);

       c.    the date of the interview(s) or discussion(s);

       d.    the length of the interview(s) or discussion(s); and

       e.    a description of all matters discussed during the interview(s) or

              discussion(s).

6

ANSWER:

6.

INTERROGATORY:

7.    Please state the name, address and telephone number of each and every person that

      Defendant <u>may</u> call as a witness [Please note that Plaintiff uses the term 'may' so

      as to expressly request information concerning the identity and location of persons

      having knowledge of discoverable matter within the meaning of MCR

      2.302(B)(1)] that <u>may</u> be used as witnesses. Plaintiff fully understands that

      Defendant may not know at this juncture who it <u>will</u> call as a witness.]  Also,

      please summarize the testimony of each such person.

ANSWER:

7.

INTERROGATORY:

8.    Please explain in detail the factual and legal basis of each and every defense that

      Defendant has asserted or may assert in this case.

7

ANSWER:

8.

INTERROGATORY:

9.  Please list the author, title, date and contents description of each document that

    Defendant <u>may</u> introduce for purposes of supporting any dispositive motion or for

    the purposes of supporting defenses at trial. Also, please summarize the evidence

    contained in each such exhibit. In lieu of identifying and/or summarizing the

    contents of these documents Defendants may attach copies of these documents and

    identify them as documents provided in response to interrogatory number 9.

ANSWER:

9.

INTERROGATORY:

10. Please list the name, address and telephone number of each and every employee

    who was placed into the position Plaintiff worked in from April 2, 2018 to the

    present date. With respect to each person identified:

    a.    State the number of hours this person worked each week in the position
          Plaintiff held;

    b.    State the amount of compensation this person earned each week in the

8

position Plaintiff held.

ANSWER:

10.

INTERROGATORY:

11.    Please state whether, within the last five (5) years, Defendant has ever been a party

to an employment related lawsuit in which the Plaintiff employee in such lawsuit

was employed by Defendant and the employee alleged he or she was the victim of

unlawful discrimination.

ANSWER:

11.

INTERROGATORY:

12.    If the answer to interrogatory 11 is in the affirmative, please list the name, address

and telephone number of each Plaintiff and Defendant, the case number and the

disposition or current status of each case.

ANSWER:

12.

INTERROGATORY:

13.    If Defendant intends to defend the decision to terminate Plaintiff from its employ

       based on allegations of poor performance or misconduct on the job, please identify

       all persons present, at any time, when Plaintiff was disciplined by Defendant for

       any activity or performance she engaged in while employed by Defendant. Also,

       please identify the allegations made causing such discipline.

ANSWER:

13.


INTERROGATORY:

14.    Please state the name, title, address and telephone number of each and every

       person who participated in any respect in the investigation of any employment

       infraction or performance issue that Plaintiff was accused of committing while

       employed by Defendant.  Also, please describe the participation of each such

       person. Also, please describe the conduct that led to the discipline.

ANSWER:

14.

10

INTERROGATORY:

15. Please list the date, evaluator and evaluation grade with respect to each and every
evaluation that Plaintiff ever received while employed by Defendant.

ANSWER:

15.


INTERROGATORY:

16. Please state the name, title, address and telephone number of each and every
person who participated in the decision to terminate Plaintiff from employment
with Defendants. Please also describe the participation of each such person.

ANSWER:

16.


INTERROGATORY:

17. Please state whether, within the last five (5) years, any complaints of
discrimination based upon disability or perceived disability or of complaints for
failure to accommodate a disabled person or person perceived to be disabled have

11

been made to any person employed by Defendant or department with Defendant. Please note that this interrogatory embraces complaints that did not turn into lawsuits. If any such complaints have been made, please list the name, address and telephone number of the complainant, the date of the complaint, the nature of the complaint, the name, address and telephone number of each person investigating the complaint, and the disposition or pending status of the complaint.

ANSWER:

17.

INTERROGATORY:

18.     Please list each and every document contained in each Plaintiff's personnel file. With respect to each document, please list the date of the document, the title of the document, the person signing the document and the purpose of the document.

ANSWER:

18.

INTERROGATORY:

19.     Please identify the hourly compensation and including fringe benefits Plaintiff was

receiving as of   April 2018.  Also, please list the percentage increases per year that

have occurred or are expected to occur in the compensation for Plaintiff had she

not been terminated from employment by Defendants.

ANSWER:

19.


INTERROGATORY:

20.     As to each witness who <u>may</u> be identified in Defendant's witness list, set forth the

individual's full name, age, address, and in summary form, the nature of the

witness' anticipated testimony.

ANSWER:

20.


INTERROGATORY:

21.     Please state whether Defendant has obtained any statements, oral, written or in any

other form and from any person, regarding any of the events or happenings alleged

in Plaintiff's Complaint, or in Defendant's Answer or Affirmative Defenses.  If

Defendant has obtained any such statements,  please list the following with respect

to each statement obtained:

13

a.      the nature of the statement;

b.      the name of the person making the statement;

c.      the content of the statement;

d.      the name of the person(s) to whom the statement was made; and

e.      the location of the statement.

ANSWER:

21.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1.      Documents establishing the truth and basis for a denial or an intent to deny each of the factual allegations set forth in Plaintiff's complaint.  For the specific allegations, Defendant should review the complaint that was served upon Defendant.

2.      Documents supporting any  affirmative defenses Defendant  has asserted or intends to assert in Defendant's answer to  to Plaintiffs complaint

3.      Documents Defendant presently intends to produce or use at trial, as well as documents that Defendant may produce at trial and use at trial.

4.      Any and all documents used to respond to Plaintiff's First Set of Interrogatories and this Request to Produce.

Dated: March 18, 2019

Alec S. Gibbs (P73593)
Attorney For Plaintiff

14





CERTIFIED MAIL

7017 2680 0000 1262 9292

Law Office of Gregory T. Gibbs
717 S. Grand Traverse Street
Flint, Michigan 48502

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**Trilogy Healthcare of Lapeer, LLC**
**c/o CSC-Lawyers Incorporating Service**
**601 Abbott Road**
**East Lansing, Michigan 48823**